UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of
CEMENT MASONS' PENSION TRUST FUND-
DETROIT & VICINITY; BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION
FUND; CEMENT MASONS' VACATION &
HOLIDAY TRUST FUND-DETROIT &
VICINITY; OUTSTATE MICHIGAN TROWEL          Case No. 08-13084
TRADES' HEALTH AND WELFARE FUND;
PLASTERERS LOCAL 67 PENSION TRUST           Hon. Patrick J. Duggan
FUND; and GREATER DETROIT CEMENT
MASONS' JOINT APPRENTICESHIP
COMMITTEE; trust funds established and
administered pursuant to federal law,

     Plaintiffs,
v

HOLLY CEMENT COMPANY,

     Defendant.
_____/

ORDER FOR EXAMINATION OF JUDGMENT
DEBTOR AND RESTRAINING TRANSFER OF CERTAIN
<u>PROPERTY SUPPLEMENTARY TO JUDGMENT</u>

**<u>John Iaconelli</u>**

THIS MATTER having come before this Court on Plaintiffs' Motion for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment, and said motion having been duly filed along with a supporting Affidavit and Brief, and the Court having reviewed the same and being fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED that John Iaconelli, officer and director of the corporation ("Defendant"), whose address is 28218 Shady Lane Dr., Farmington Hills, Michigan 48336,

appear at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034, on **Tuesday, March 10, 2009 at 10:30 a.m.,** to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against Defendant on August 21, 2008.

IT IS FURTHER ORDERED that said person shall bring with him the following books, records, and papers in his possession, custody or control as they relate to Defendant Holly Cement Company:

1. All checkbooks, check registers, check stubs, canceled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which Defendant has, or has had, any interest, at any time during the three (3) years immediately preceding the date hereof, or date of cessation of business, whichever is earlier;

2. Copies of all returns, schedules and forms filed by or on behalf of Defendant with the Internal Revenue Service, State of Michigan, and any municipal governments, relating to any income received, property owned, business activities, sale or intangibles tax, of Defendant at any and all times during the period three (3) years preceding the date hereof or date of cessation of business, whichever is earlier;

3. All books of account and accounts receivable ledgers;

4. List of assets and liabilities;

5. All contracts of purchase, sale, bills of sale, certificates of title and deeds, and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by

or on behalf of Defendant at any time during the five (5) years immediately preceding the date hereof or date of cessation of business, whichever is earlier; and

6. Copies of all profit and loss statements and balance sheets relating to the affairs of Defendant prepared by, or on behalf of, said Defendant during the period three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

7. All payroll records for the time period April 2006 through current date evidencing hours worked and hours paid to employees of Defendant, including, but not limited to, employee time cards, paycheck stubs, individual employee earnings records, MESC contribution reports, IRS forms 940, 941, W-2, W-3 and 1099, and any and all other documents evidencing the accrual of manpower hours by employees of Defendant.

IT IS FURTHER ORDERED that said Defendant, Holly Cement Company, and its officers, directors, employees and agents, and any third party who is served with a true and entered copy of this Order, are restrained from transferring or disposing of any property of Defendant, whether now owned, or hereafter acquired by, or becoming due to Defendant, until further order of this Court.  This order does not apply to property exempt by law from application to the satisfaction of the judgment.

S/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: January 30, 2009  January 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2009 January 30, 2009, by electronic and/or ordinary mail.

S/Marilyn Orem
Case Manager